CLARY *vs.* GRAYSON.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

In the division of the parish of Ouachita, and establishment of the parish
of Carroll, in 1832, the law provides that the taxes for 1831, in the part
embraced by the new parish of Caroll, shall be collected by the sheriff of
Ouachita, and by him paid over to the sheriff of Caroll: *Held,* that the
sheriff who came into office in Ouachita, after the taxes were collected,
was not responsible for their payment; and for any sums he collected as
deputy of his prodecessor, he is not liable except to his principal.

This suit is instituted by the plaintiff, as sheriff of the parish
of Carroll, demanding from the defendant a sum of money,
which he alleges the latter collected as taxes due in the parish
of Carroll, while acting as sheriff of the parish of Ouachita.
The petition charges that by the 13th section of the act of
the 21st March, 1832, the amount of the parish tax of 1831,
due by the inhabitants of the parish of Carroll, shall be col-
lected by the sheriff of the parish of Ouachita, and by him
paid over to the sheriff of Carroll; and further charges, that
the defendant as sheriff has collected said taxes to the amount
of three thousand dollars, which he has refused and failed to
pay over to him (the plaintiff), who was duly qualified as
sheriff of Carroll, and authorised by law to receive the same.
He further alleges that by the wrongful detention of said sum,
the inhabitants of the parish of Carroll, and he as sheriff
thereof, sustained damages to the amount of one thousand
dollars. He prays judgment for said sum and damages;
and that the defendant answer interrogatories: 1. Have you
not collected of the inhabitants of that part of the parish of
Ouachita, included in the parish of Carroll, three thousand
dollars, parish tax for the year 1831 ? 2. If you have not
collected that amount, state precisely the sum you have col-
lected? 3. Have not said taxes been demanded of you ?

The defendant pleaded a general denial. That the law of the legislature, relied on by the plaintiff, is unconstitutional: that the money claimed by the plaintiff was appropriated by the parish of Ouachita, previous to said act of the legislature, relied on, being enacted. He further pleads the prescription of one year, against any damages which may be claimed of him.

To the first interrogatory he answers, he does not know the exact amount of taxes he collected. That Jonathan Morgan, who was the sheriff of Ouachita, collected some of the taxes referred to, some were collected by this respondent as deputy sheriff, and some by another deputy of said Morgan, in all about two thousand one hundred dollars. 2d. He has answered this interrogatory in his answer to the first. 3d. To this he answers yes.

It was admitted that the plaintiff was sheriff of Carroll, at the institution of this suit; that Jonathan Morgan was sheriff of Ouachita, and collector of the parish taxes for 1831, and continued as such until March, 1832. That on the 10th March, 1832, the defendant, who had previously been the deputy of Morgan, was commissioned sheriff of the parish of Ouachita, and gave bond and qualified on the 24th of that month.

The evidence showed that the parish taxes for 1831, were collected and credited in the account of Jonathan Morgan, as sheriff, on the books of the parish treasurer of the parish of Ouachita, that they were collected in part by the defendant and paid over from time to time; that in the month of September, 1832, the parish treasurer of Ouachita, made a settlement with the sheriff of Carroll, when the parish taxes of Carroll, amounted to two thousand one hundred and seventy-four dollars and seventy-nine cents, subject to a credit of two hundred dollars. That the whole of said parish taxes for 1831, were charged to J. Morgan, as sheriff of Ouachita, and collector thereof, on the 15th November, 1831, and that all the payments of said taxes so charged, were credited to his account accordingly.

The act of the legislature, establishing the parish of Carroll, passed in March, 1832, section 13, provides, "that the

amount of parish tax for 1831, due by the inhabitants of that part of the parish of Carroll, shall be collected by the sheriff of Ouachita, and by him paid over to the sheriff of Carroll."

The district judge rendered judgment in favor of the plaintiff, against the defendant, for one thousand nine hundred and seventy-four dollars and seventy-nine cents, with interest and costs. The defendant appealed.

*Winn*, for the plaintiff, considered, as the defendant had received the taxes, due to the parish of Carroll, for 1831, although not sheriff at the time they were all collected, or when the law passed, yet having received them, as was shown by the evidence, he held them subject to this law, and was bound to account for them accordingly.

*Barry*, for the defendant, contended that the taxes of 1831, were appropriated by the police jury of Ouachita, before the passage of the act of 1832, and before the parish of Carroll existed, or was taken from Ouachita.

2. The operation of the law, under which these taxes are claimed, would be retrospective, and the law unconstitutional.

3. The taxes now demanded, were collected by the former sheriff, and if any one is liable to this action, it is him. The present defendant cannot be sued for this claim.

*Mason*, for the plaintiff, in reply.

1. The act of the legislature, under which this claim is made, is constitutional, because it is only directory to the sheriff, in paying over the taxes collected within the bounds of the new parish of Carroll.

2. The present sheriff is properly sued, because he was in office, before this money was appropriated by the police jury of Ouachita, and collected part of it himself.

*Bullard, J.*, delivered the opinion of the court.

The act of the Legislature, approved, March 14th, 1832, providing for the establishment of the new parish of Carroll,

composed of a part of that of Ouachita, and a part of Concordia, provided among other things, that the amount of parish tax for 1831, due by the inhabitants of that part of the parish of Ouachita, forming the parish of Carroll, should be collected by the sheriff of Ouachita, and by him paid over to the sheriff of Carroll. In pursuance of that statute, the present suit was instituted by the one sheriff against the other, alleging that the defendant as sheriff of the parish of Ouachita, has collected the tax to the amount of three thousand dollars, and refuses to pay it over. The plaintiff prays judgment for that amount, and one thousand dollars damages.

The defendant put in for exception, that he was not the sheriff, and had no authority to collect the taxes in question, but that Jonathan Morgan was the sheriff at the time, and the only person responsible. This exception being overruled, the defendant pleaded on the merits, and judgment being rendered against him, he appealed.

*In the division of the parish of Ouachita, and establishment of the parish of Carroll, in 1832, the law provides that the taxes for 1831, in that part embraced by the new parish of Carroll, shall be collected by the sheriff of Ouachita, and by him paid over to the sheriff of Carroll. Held, that the sheriff who came into office in Ouachita, after the taxes were collected, was not responsible for their payment; and for any sums he collected as deputy of his predecessor, he is not liable except to his principal.*

The evidence shows, that Morgan was the sheriff of Ouachita, at the time the tax of 1831 was collected, that a part of it was collected by the present defendant, then acting as deputy, and by other deputies, and that the amount was paid over by him to the parish treasurer, and credited to the account of Morgan, his principal, and that he entered on the discharge of his duties as Morgan's successor, on the 24th of March, 1832, after which period it does not appear, that any part of the tax was collected.

It appears to us clear, that the statute did not impose on the present sheriff, the duty of collecting the tax, because he was not sheriff at the time it was collected, and that for the sums received by him as deputy, he was responsible only to his principal. In the capacity in which he is sued, he shows that the law imposed no duty upon him in relation to that tax, because he was not the official collector for the tax of 1831, and having paid over to his principal the sums collected, as deputy, he is no longer accountable even to him.

It has been urged, that Jonathan Morgan, being *functus officio,* is no longer liable to be sued as sheriff. To that it may be answered, that if the statute in question, imposed a

duty upon him, which he neglected to perform, he rendered himself personally liable. It is, however, certain, that he was out of office before the passage of the act.

We forbear to touch the question, whether according to the fair construction of the statute, or the general principles of law, the two parishes are bound to make an equitable partition of any funds existing in their common treasury at the time of their separation. That question does not properly arise between the present parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and judgment is here rendered in favor of the defendant, with costs in both courts.